**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KEN MAYLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17 C 0449 |
| v. | ) | |
| | ) | Judge Amy St. Eve |
| DAVID ORR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The Court grants Defendants' motion to dismiss as to all Defendants and dismisses this lawsuit in its entirety. [14]. All pending dates and deadlines are stricken. Civil case terminated.

**STATEMENT**

On March 27, 2017, pro se Plaintiff David Mayle filed the present First Amended Complaint against David Orr, in his official capacity as the Cook County Clerk of Courts; Lisa Madigan, in her official capacity as Attorney General of Illinois; Anita Alvarez, in her official capacity as Cook County State's Attorney;[1] and Bruce Rauner, in his official capacity as Illinois' Governor, challenging Illinois' bigamy, adultery, and fornication statutes under the First and Fourteenth Amendments. *See* 28 U.S.C. § 1331; 42 U.S.C. § 1983. Before the Court is Defendants' motion to dismiss. For the following reasons, the Court grants Defendants' motion. The Court dismisses this lawsuit in its entirety as to all Defendants because pro se Plaintiff's challenge to Illinois' bigamy statute is foreclosed by well-established Supreme Court authority and he does not have standing to challenge Illinois' fornication and adultery statutes.

**LEGAL STANDARDS**

**I.      Federal Rule of Civil Procedure 12(b)(6)**

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the federal pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

---

[1] In December 2016, Kim Foxx took office as the Cook County State's Attorney.

Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). When determining the sufficiency of a complaint under the plausibility standard, courts must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

## II.     Federal Rule of Civil Procedure 12(b)(1)

Because standing implicates the Court's subject matter jurisdiction, the Court reviews pro se Plaintiff's standing under Rule 12(b)(1). *See Lardas v. Grcic,* 847 F.3d 561, 565 (7th Cir. 2017). When assessing whether a plaintiff has factual standing, the Court "may look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists." *Silha v. ACT, Inc.,* 807 F.3d 169, 173 (7th Cir. 2015). The party invoking federal jurisdiction bears the burden of establishing the required elements of standing. *See Clapper v. Amnesty Int'l USA,* 133 S. Ct. 1138, 1148 (2013).

## BACKGROUND

Construing his pro se allegations liberally, *see Parker v. Four Seasons Hotels, Ltd.,* 845 F.3d 807, 811 (7th Cir. 2017), Plaintiff is seeking declaratory and injunctive relief challenging the State of Illinois' statutes criminalizing adultery, fornication, and bigamy. More specifically, Plaintiff, a resident of Chicago, alleges that he follows the religious philosophies of Satanism and Thelema. (R. 21, First Am. Compl. ¶ 1.) He further alleges that he intends to marry more than one person because his religious beliefs about relationships and intimacy do not preclude adultery. (*Id*. ¶¶ 9, 12.) Plaintiff explains that Satanism's precepts include living according to one's natural instincts and pursuing rational self-interest and that adherents of Satanism accept all forms of human sexual expression between consenting adults. (*Id*. ¶ 14.) Also, Plaintiff maintains that the Law of Thelema is a philosophical, mystical, and religious system and that Thelemites are dedicated to seeking their true path in this life. (*Id*. ¶¶ 15, 16.) Plaintiff contends that the high priests of Thelema developed sexual rituals emphasizing that sex is a sacrament and the supreme magical power in the universe. (*Id*. ¶ 17.) Thus, Plaintiff asserts that under the laws of the State of Illinois, if he engages in sex magic in accord with his faith, he would be in violation of laws against adultery, fornication, and bigamy. (*Id*. ¶¶ 17-22.) Plaintiff states that he "reasonably fears he may be subjected to criminal penalties, including jail time" if he follows his beliefs. (*Id*. ¶ 20.)

## ANALYSIS

### I.     Illinois' Bigamy Statute

First, pro se Plaintiff challenges Illinois' prohibition against bigamy as set forth in 720 ILCS 5/11-45. Assuming Plaintiff has Article III standing, his claim challenging Illinois' bigamy statute is foreclosed by long-standing Supreme Court precedent. *See Reynolds v. United States,* 98 U.S. 145, 25 L.Ed. 244 (1879) (prohibition of bigamy does not violate First Amendment. Indeed, "[s]tatutes making bigamy a crime surely cut into an individual's freedom

2

to associate, but few today seriously claim such statutes violate the First Amendment or any other constitutional provision." *Paris Adult Theatre I v. Slaton,* 413 U.S. 49, 68 n. 15, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973); *see also Employment Div., Dep't of Human Res. of Oregon v. Smith,* 494 U.S. 872, 878-79, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990) ("We have never held that an individual's religious beliefs excuse him from compliance with an otherwise valid law prohibiting conduct that the State is free to regulate.").

Consistent with this precedent, courts have repeatedly upheld the constitutionality of bigamy statutes. *See Bronson v. Swensen,* 500 F.3d 1099, 1105 (10th Cir. 2007) ("Plaintiffs' substantive challenge to Utah's criminal prohibition of polygamy faces a litany of seemingly insurmountable precedential obstacles."); *Potter v. Murray City,* 760 F.2d 1065, 1070 (10th Cir. 1985) (in light of "fundamental values, the State is justified, by a compelling interest, in upholding and enforcing its ban on plural marriage to protect the monogamous marriage relationship."); *State v. Fischer,* 219 Ariz. 408, 412 (Ariz. Ct. App. 2008) ("The Supreme Court has not moved away from its holding on the issue of polygamy, and the Court has continued to refer to *Reynolds* approvingly for the proposition that plural marriages have no claim to First Amendment protection."); *State v. Holm,* 137 P.3d 726, 742 (Utah 2006) (polygamy statute did not violate fundamental liberty interest under Fourteenth Amendment Due Process Clause); *State v. Green,* 99 P.3d 820, 825 (Utah 2004) ("Green is not the first polygamist to launch an attack on the constitutionality of a law burdening the practice of polygamy.") (collecting cases).

Because pro se Plaintiff's claim regarding Illinois' bigamy statute is foreclosed by long-standing Supreme Court precedent, the Court grants Defendants' motion to dismiss in this respect.

## II.     Illinois' Adultery and Fornication Statutes

Next, pro se Plaintiff brings pre-enforcement challenges to Illinois' adultery statute, 720 ILCS 5/11-35, and Illinois' fornication statute, 720 ILCS 5/11-40. Because federal courts may raise their subject matter jurisdiction at any stage of the proceedings, the Court considers whether Plaintiff has Article III standing to pursue the relief he seeks in relation to these statutes. *See Gonzalez v. Thaler,* 565 U.S. 134, 141, 132 S.Ct. 641, 648, 181 L.Ed.2d 619 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider sua sponte issues that the parties have disclaimed or have not presented."). "In every case, the plaintiff has the burden of establishing the three elements of standing: that '(1) [he or she] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Berger v. Nat'l Collegiate Athletic Ass'n,* 843 F.3d 285, 289 (7th Cir. 2016) (citation omitted); *see also Lardas*, 847 F.3d at 566.

"To satisfy the injury-in-fact requirement in a pre-enforcement action, the plaintiff must show 'an intention to engage in a course of conduct arguably affected with a constitutional

3

interest, but proscribed by a statute, and [that] there exists a credible threat of prosecution thereunder." *American Civil Liberties Union of Ill. v. Alvarez,* 679 F.3d 583, 590-91 (7th Cir. 2012) (quoting *Babbitt v. United Farm Workers Nat'l Union,* 442 U.S. 289, 298, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979)). As the Supreme Court teaches, "[w]e have observed that past enforcement against the same conduct is good evidence that the threat of enforcement is not 'chimerical.'" *Susan B. Anthony List v. Driehaus,* 134 S. Ct. 2334, 2345 (2014) (citation omitted). In *Alvarez*, for example, the Seventh Circuit considered numerous, recent prosecutions brought under the challenged eavesdropping statute noting that "the statute has not fallen into disuse." *See id.* at 592.

Here, although Plaintiff alleges that he has standing to bring his claims because he "reasonably fears that the State will imminently enforce Illinois' anti-bigamy and anti-adultery criminal statutes," (First Am. Compl. ¶ 40), he has not alleged a plausible claim that there is a credible threat of prosecution under the circumstances. *See Simic v. City of Chicago,* ___ F.3d ___, 2017 WL 1052547, at *3 (7th Cir. Mar. 20, 2017) (plaintiff's "claimed threat of future injury is conjectural"); *Otrompke v. Hill,* 592 Fed. Appx. 495, 498 (7th Cir. 2014) (plaintiff has "burden to show that he faces more than a speculative future injury."). As the Seventh Circuit explains, statutes regarding "adultery or fornication ... remain on the statute books, archaic and unenforced, as a residue of legislative inertia." *Pena v. Mattox,* 84 F.3d 894, 900 (7th Cir. 1996). As Judge Posner recently observed, "adultery remains a crime in 20 of the nation's 50 states – including Illinois, see 720 ILCS 5/11–35, where the parties reside – though it is a crime that is very rarely prosecuted." *Epstein v. Epstein,* 843 F.3d 1147, 1153 (7th Cir. 2016) (Posner, J., dissenting).

Turning to whether Illinois' adultery and fornication statutes "have fallen into disuse," *see Alvarez*, 679 F.3d at 592, although pro se Plaintiff has set forth case law in support of his standing, he has not cited any cases in which Illinois has enforced its adultery statute, although the Court found one case from over forty years ago. *See People v. Cessna*, 42 Ill. App. 3d 746, 750, 1 Ill.Dec. 433, 356 N.E.2d 621 (5th Dist. 1976). Likewise, the most recent Illinois case of a successful fornication prosecution occurred over one hundred years ago. *See People v. Green,* 276 Ill. 346, 348, 114 N.E. 518 (Ill. 1916); *Mister v. A.R.K. P'ship,* 197 Ill. App. 3d 105, 114, 143 Ill.Dec. 166, 553 N.E.2d 1152 (2d Dist. 1990). Under these circumstances, Plaintiff has failed to plausibly allege that there is a credible threat of prosecution if he violates Illinois' adultery or fornication statutes, and thus he does not have standing to bring these claims.

**Dated:** April 10, 2017

**AMY J. ST. EVE**
**United States District Court Judge**