IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| KEN MAYLE., Plaintiff<br><br>v.<br><br>DAVID ORR, et. al, Defendants. | Case Number 17 C 0449<br><br>PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL |

Plaintiff moves under Rule 4(a)(5) of the Federal Rules of Appellate Procedure for an extension of time to file a notice of appeal in this action. Plaintiff seeks to appeal the judgment entered in this action on but did not file a notice of appeal within the required date time period because of good cause or alternatively, due to excusable neglect.

The final judgment in this case was entered on June 14, 2017. The deadline to appeal is 30 days, or 60 days in cases when the United States is a party. A district court may extend the time for filing a notice of appeal by thirty days if the defendant can show excusable neglect or good cause for not meeting the deadline. See FED. R. APP. P. 4(b)(4). The United States Supreme Court's flexible interpretation of the excusable neglect standard controls the determination of excusable neglect under Rule 4(b). *United States v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380 (1993)). In *Pioneer*, the Supreme Court considered several circumstances

relevant to the excusable neglect determination, including the length of the delay and its potential impact on judicial proceedings, as well as the reason for the delay, including whether it was within the reasonable control of the movant and whether the movant acted in good faith. *Pioneer Inv. Serv. Co*, 507 U.S. at 395-96. Excusable neglect is not limited to errors caused by circumstances beyond the late-filing party's control, but covers inadvertent delays, as well. *Id.* However, "inadvertence, ignorance of the rules, or mistakes construing the rules usually do not constitute 'excusable' neglect." *Id.* at 392.

Although decided in the bankruptcy context, the *Pioneer* approach logically applies to controversies under other rules where excusable neglect is the standard for granting extensions of time, such as Rule 4(a)(5). See e.g., *George Harms Constr. Co. v. Chao*, 371 F.3d 156, 163-64 (3d Cir. 2004) (applying the Pioneer four-factor analysis in the FED. R. CIV. P. 60(b) context); *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209-10 (D.C. Cir. 2003) (discussing Rules 60(b) and 6(b) with respect to class action opt-outs); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-25 (9th Cir. 2000) (applying *Pioneer* in Rule 60(b) context).

Plaintiff contends that he had both good cause for the delay and alternatively that excusable neglect applied in his circumstance. Plaintiff has been employed in a position where he had responsibility for sensitive regulatory projects of a national interest. Plaintiff has served in an ongoing capacity working on an investigation

with a federal agency. Plaintiff has also been under extreme duress due to the pressure and stress as a consequence of fighting for his First Amendment rights to practice his religion. During the period in which the Notice of Appeal should have been filed, Plaintiff was engaged in a dispute with a recent landlord with support from housing authorities, in a temporary loss of internet connectivity. Since the District Courts do not provide notifications through the U.S. Mail, this put Plaintiff at a disadvantage.

As a result of all of this activity and uncertainty, Plaintiff was unable to appeal the case at bar prior to the deadline. Although Plaintiff knows acting pro se does not excuse true neglect, in this circumstance it is appropriate to grant Plaintiff a limited extension of time in order to pursue his claim in the Circuit Court. Defendants would not be prejudiced by an extension. In fact, Defendants also sought extensions of time in this case, which were granted by the Court. Plaintiff also submits that this case was dismissed by the Court on an accelerated timeline that did not even permit Plaintiff to exercise his right under the Federal Rules of Civil Procedure to fully respond to Defendant's claims before the Court dismissed them. Under these circumstances, fundamental fairness demands that Plaintiff be given a brief extension to file the complete record with the Notice of Appeal (which is attached to this filing).

Plaintiff is acting in good faith, the extension would not prejudice any Defendant given their familiarity with this case and Plaintiff's ability to immediately file his appeal, Plaintiff only needs a brief extension (his notice of appeal and statement of issues on appeal are included and filed with this motion), and he had a good reason for the delay. In light of the minimal delay involved in this case, the absence of prejudice, and the reason given for the delay, Plaintiff moves for an extension of time to appeal under Rule 4.

Respectfully submitted,

/s/Ken Mayle
Plaintiff Pro Se

CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2017, the foregoing document was filed with the Clerk of Court via the CM/ECF system, causing it to be served on Defendants' counsel of record.

/s/Ken Mayle
Plaintiff, Pro Se

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

File Number 17 C 0449

| |
|---|
| KEN MAYLE., Plaintiff |
| v. |
| DAVID ORR, et. al, Defendants. |

Notice of Appeal

Notice is hereby given that Ken Mayle, Plaintiff in the above named case, hereby appeals to the United States Court of Appeals for the Seventh Circuit from the final judgment entered in this action on the 14th day of June, 2017.

*/s/ KEN MAYLE*
PLAINTIFF PRO SE

Address: 545 N. Monticello Ave
Chicago, IL 60624
ken.mayle@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2017, the foregoing document was filed with the Clerk of Court via the CM/ECF system, causing it to be served on Defendants' counsel of record.

*/s/Ken Mayle*
Plaintiff Pro Se

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| KEN MAYLE., Plaintiff<br><br>v.<br><br>DAVID ORR, et. al, Defendants. | Case Number 17 C 0449<br><br>PLAINTIFF'S DESIGNATION OF RECORD AND STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL |

Plaintiff/Appellant Ken Mayle hereby submits his statement of issues to be presented on appeal and its designation of items to be included in the record on appeal.

## I. STATEMENT OF ISSUES PRESENTED ON APPEAL

Plaintiff/Appellant presents the following issues on appeal:

1. Whether the District Court committed an error of law or an abuse of discretion in granting Defendants' motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and Rule 12(b)(6); denying Plaintiff's motion to vacate or set aside the judgment under Rule 59(e); and denying Plaintiff's Rule 60(B) motion, including, without limitation:

a. Whether the District Court committed an error of law or an abuse of discretion in its application of the standard set forth in *Clapper v.*

1

*Amnesty International USA*, 133 S. Ct. 1138 (2013), by interpreting Article III standing as requiring Plaintiff to *prove* he has actually suffered an injury in fact at the pleading stage rather than *alleging* a plausible injury in fact;

b. Whether the District Court committed an error of law or an abuse of discretion in its application of the Supreme Court's decision in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992), by requiring Plaintiff to prove the existence of Article III standing at the pleading stage;

c. Whether the District Court committed an error of law or an abuse of discretion in finding that Plaintiff did not allege facts sufficient to "to raise a reasonable expectation that discovery will reveal evidence of illegality" in accord with *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009);

d. Whether the District Court committed an error of law or an abuse of discretion in finding that Plaintiff's Amended Complaint, which demonstrated that (i) Plaintiff sought a marriage license to marry more than one partner, (ii) Plaintiff was denied a marriage license, (iii) Plaintiff became aware that Illinois made fornication, adultery and

2

multiple-partner marriage illegal, (iv) that Plaintiff had already violated the anti-fornication and adultery statutes, (v) Plaintiff did not marry his intended fiancés because so doing would subject them to potential criminal prosecution under the laws of Illinois, and (vi) Plaintiff's relationships with his partners was destroyed because of these repressive and unconstitutional laws.

2. Whether the District Court committed an error of law or an abuse of discretion by finding that Illinois' polygamy statute did not violate Plaintiff's fundamental liberty interests and rights under the First Amendment and the Fourteenth Amendment, including, without limitation:

a. Whether the District Court committed an error of law or an abuse of discretion by holding that Plaintiff's challenge to Illinois' bigamy law, and his challenge to the concept of marriage as a two-person construct, was foreclosed by longstanding Supreme Court precedent;

b. Whether the District Court committed an error of law or an abuse of discretion by ignoring the shift in traditional mores represented by *Lawrence v. Texas*, 539 U.S. 558 (2003) and *Obergefell v. Hodges*, 576 U.S. (2014), and ignoring the Supreme Court's holdings in those cases that "neither history nor tradition" should preclude federal court

3

review of antiquated, sex-regulating laws.

3. Whether the District Court committed an error of law or an abuse of discretion by finding that Plaintiff did not have standing to bring his pre-enforcement challenges regarding Illinois' anti-adultery statute, 720 ILCS 5/11-35, and Illinois' anti-fornication statute, 720 ILCS 5/11-40, including, without limitation:

> a. Whether the District Court committed an error of law or an abuse of discretion by concluding that Plaintiff did not allege a plausible claim that there is a credible threat of prosecution under the circumstances where Plaintiff alleged that he feared he may be subjected to criminal penalties if he followed his beliefs;

> b. Whether the District Court committed an error of law or an abuse of discretion by misapplying the legal standard for pre-enforcement standing set forth in *Medimmune, Inc. v. Genentech, Inc.,* 549 U.S. 118,129 (2007), which requires only that there is a "credible threat of prosecution" not an "imminent threat of prosecution";

> c. Whether the District Court committed an error of law or an abuse of discretion by finding that the anti-fornication and anti-adultery statues had "fallen into disuse" and were moribund;

4

d. Whether the District Court committed an error of law or an abuse of discretion by finding that "pro se Plaintiff has [not] set forth case law in support of his standing" despite the fact that the Court did not allow Plaintiff to respond to the Defendant's motion [see Order 4/10/17 at 4];

e. Whether the District Court committed an error of law or an abuse of discretion by finding Plaintiff "has not cited any cases in which Illinois has enforced its adultery statute," and then claiming "the Court found one case from over forty years ago," when Plaintiff in fact cited more recent cases demonstrating that the laws are not moribund, including a 1980 Supreme Court case, *Jarrett v. Jarrett*, *cert. den.* 449 U.S. 927 (1980) which involved the details of Illinois' adultery and fornication prohibition, how Illinois used it during a custody dispute to remove children form their mother's custody, and why that law remains controversial.

4. Whether the District Court committed an error of law or an abuse of discretion by dismissing the lawsuit (i) without giving Plaintiff the opportunity to respond to Defendants' Reply to the Motion to Dismiss and (ii) before Defendants filed an Answer to the Amended Complaint.

5

5. Whether the District Court committed an error of law or an abuse of discretion by dismissing the lawsuit on the same day that a hearing had been previously scheduled (April 10, 2017), further eroding Plaintiff's due process rights to appear and be heard in this matter.

## II. DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD

Plaintiff/Appellant designates the following items for inclusion in the record on appeal. Such designation of pleadings and matters of record includes all exhibits attached or referred to in the pleadings or matters of record.

| Date Filed | # | Docket Text |
|---|---|---|
| 01/20/2017 | 1 | COMPLAINT for Declaratory, Injunctive and Other Relief filed by Kenneth Mayle. (nsf, ) (Entered: 01/20/2017) |
| 01/20/2017 | 2 | CIVIL Cover Sheet (nsf, ) (Entered: 01/20/2017) |
| 01/20/2017 | 3 | PRO SE Appearance by Plaintiff Kenneth Mayle. (nsf, ) (Entered: 01/20/2017) |
| 01/23/2017 | 5 | MINUTE entry before the Honorable Amy J. St. Eve: Because pro se Plaintiff has paid the filing fee in this matter, he is responsible for serving the defendants with the summons and copy of the complaint in this case pursuant to Federal Rule of Civil Procedure 4(m). The Court directs pro se Plaintiff's attention to the Pro Se Assistance Program at http://www.ilnd.uscourts.gov/_assets/_documents/_forms/_prose/DistrictCour tProSeAssistanceProgram.pdf or (312) 435-5691.Mailed notice (kef, ) (Entered: 01/23/2017) |
| 02/02/2017 | 6 | COMPLAINT filed by Kenneth Mayle; Filing fee $ 400, receipt number 0752-12821879.(Mayle, Kenneth) (Entered: 02/02/2017) |
| 02/13/2017 | 7 | SUMMONS Returned Executed by Kenneth Mayle as to Lisa Madigan on 2/8/2017, answer due 3/10/2017. (Mayle, Kenneth) (Entered: 02/13/2017) |
| 02/13/2017 | 8 | SUMMONS Returned Executed by Kenneth Mayle as to Anita Alvarez on |

| | | |
|---|---|---|
| | | 2/6/2017, answer due 3/8/2017. (Mayle, Kenneth) (Entered: 02/13/2017) |
| 02/13/2017 | 9 | SUMMONS Returned Executed by Kenneth Mayle as to Bruce Rauner on 2/8/2017, answer due 3/10/2017. (Mayle, Kenneth) (Entered: 02/13/2017) |
| 02/13/2017 | 10 | SUMMONS Returned Executed by Kenneth Mayle as to David Orr on 2/6/2017, answer due 3/8/2017. (Mayle, Kenneth) (Entered: 02/13/2017) |
| 02/14/2017 | 11 | MINUTE entry before the Honorable Amy J. St. Eve: Status hearing set for 3/16/2017 at 08:30 AM in courtroom 1241. Mailed notice (kef, ) (Entered: 02/14/2017) |
| 02/28/2017 | 12 | ATTORNEY Appearance for Defendants Lisa Madigan, Bruce Rauner by T. Andrew Horvat (Horvat, T.) (Entered: 02/28/2017) |
| 03/03/2017 | 13 | ATTORNEY Appearance for Defendants Anita Alvarez, David Orr by Michael Lapinski (Lapinski, Michael) (Entered: 03/03/2017) |
| 03/03/2017 | 14 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Horvat, T.) (Entered: 03/03/2017) |
| 03/03/2017 | 15 | NOTICE of Motion by T. Andrew Horvat for presentment of Motion to Dismiss for Failure to State a Claim 14 before Honorable Amy J. St. Eve on 3/16/2017 at 08:30 AM. (Horvat, T.) (Entered: 03/03/2017) |
| 03/03/2017 | 16 | MOTION by Defendants Anita Alvarez, David Orr for extension of time to file answer (Lapinski, Michael) (Entered: 03/03/2017) |
| 03/03/2017 | 17 | NOTICE of Motion by Michael Lapinski for presentment of motion for extension of time to file answer 16 before Honorable Amy J. St. Eve on 3/15/2017 at 08:30 AM. (Lapinski, Michael) (Entered: 03/03/2017) |
| 03/06/2017 | 18 | MINUTE entry before the Honorable Amy J. St. Eve: Defendants Kimberly Foxx and David Orr's unopposed motion for extension of time 16 is granted. Said defendants shall answer or otherwise plead by 4/5/17. No appearance is required on the 3/15/17 notice motion date. Mailed notice (kef, ) (Entered: 03/06/2017) |
| 03/10/2017 | 19 | STATUS Report *(Joint)* by Lisa Madigan, Bruce Rauner (Horvat, T.) (Entered: 03/10/2017) |
| 03/16/2017 | 20 | MINUTE entry before the Honorable Amy J. St. Eve:Status hearing held on 3/16/2017 and continued to 4/10/17 at 8:30 a.m. Defendants Rauner and Madigan's motion to dismiss 14 is entered. Plaintiff's response shall be filed by 3/30/17. Defendants' reply by 4/6/17. Mailed notice (kef, ) (Entered: 03/16/2017) |
| 03/27/2017 | 21 | AMENDED complaint by Kenneth Mayle against All Defendants (Mayle, Kenneth) (Entered: 03/27/2017) |
| 03/27/2017 | 22 | RESPONSE by Kenneth Maylein Opposition to MOTION TO DISMISS FOR |

| | | |
|---|---|---|
| | | FAILURE TO STATE A CLAIM 14 (Mayle, Kenneth) (Entered: 03/27/2017) |
| 03/29/2017 | 23 | MINUTE entry before the Honorable Amy J. St. Eve: In their reply brief due on April 6, 2017, Defendants must address pro se Plaintiff's new allegations set forth in his First Amended Complaint filed on March 27, 2017.Mailed notice (kef, ) (Entered: 03/29/2017) |
| 04/05/2017 | 24 | REPLY by Lisa Madigan, Bruce Rauner to response in opposition to motion 22 (Horvat, T.) (Entered: 04/05/2017) |
| 04/05/2017 | 25 | MOTION by Defendants Anita Alvarez, David Orr for extension of time to file answer (Lapinski, Michael) (Entered: 04/05/2017) |
| 04/05/2017 | 26 | NOTICE of Motion by Michael Lapinski for presentment of motion for extension of time to file answer 25 before Honorable Amy J. St. Eve on 4/10/2017 at 08:30 AM. (Lapinski, Michael) (Entered: 04/05/2017) |
| 04/06/2017 | 27 | MINUTE entry before the Honorable Amy J. St. Eve: Defendants Kimberly Foxx and David Orr's second unopposed motion for extension of time 25 is granted. Said defendants shall answer or otherwise plead by 4/19/17. Status hearing set for 4/10/17 is stricken and reset to 4/25/17 at 8:30 a.m. No appearance is required on the 4/10/17 notice motion date. Mailed notice (kef, ) (Entered: 04/06/2017) |
| 04/10/2017 | 28 | ORDER Signed by the Honorable Amy J. St. Eve on 4/10/2017: The Court grants Defendants' motion to dismiss as to all Defendants and dismisses this lawsuit in its entirety. 14 . All pending dates and deadlines are stricken. Civil case terminated. [For further details, see Order.] Mailed notice(kef, ) (Entered: 04/10/2017) |
| 04/10/2017 | 29 | ENTERED JUDGMENT on 4/10/2017:Mailed notice(kef, ) (Entered: 04/10/2017) |
| 05/09/2017 | 30 | MOTION by Plaintiff Kenneth Mayle to vacate (Mayle, Kenneth) (Entered: 05/09/2017) |
| 05/12/2017 | 31 | ORDER Signed by the Honorable Amy J. St. Eve on 5/12/2017: The Court, in its discretion, denies pro se Plaintiff's motion to "vacate or set aside" the April 10, 2017 judgment. 30 [For further details, see Order.] Mailed notice(kef, ) (Entered: 05/12/2017) |
| 05/26/2017 | 32 | REQUEST for Clerk of Court to refund filing fee in the amount of 400.00, receipt no. 0752-12821879, regarding complaint 6 *Duplicate* (Mayle, Kenneth) (Entered: 05/26/2017) |
| 06/09/2017 | 33 | MOTION by Plaintiff Kenneth Mayle to vacate (Mayle, Kenneth) (Entered: 06/09/2017) |
| 06/12/2017 | 34 | MOTION by Plaintiff Kenneth Mayle to vacate Court's May 12, 2017 order (bg, ) (Entered: 06/13/2017) |

| 06/14/2017 | 35 | ORDER Signed by the Honorable Amy J. St. Eve on 6/14/2017: The Court, in its discretion, denies pro se Plaintiff's motion to vacate brought pursuant to Federal Rule of Civil Procedure 60(b). 33 [For further details, see Order.] Mailed notice(kef, ) (Entered: 06/14/2017) |
| 06/15/2017 | 36 | MINUTE entry before the Honorable Amy J. St. Eve: Because pro se Plaintiff's motion to vacate filed on June 12, 2017 is a duplicate of Plaintiff's June 9, 2017 motion to vacate 33 that the Court denied on June 14, 2017 35 , the Court denies the June 12, 2017 motion as moot. 34 .Mailed notice (kef, ) (Entered: 06/15/2017) |
| 11/01/2017 | 37 | SEVENTH CIRCUIT transcript information sheet by Kenneth Mayle (Mayle, Kenneth) (Entered: 11/01/2017) |

RESPECTFULLY SUBMITTED this 1st day of November, 2017:


KEN MAYLE

/s/Ken Mayle
PLAINTIFF, PRO SE

9

CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2017, the foregoing document was filed with

the Clerk of Court via the CM/ECF system, causing it to be served on Defendants'

counsel of record.


*/s/Ken Mayle*
 Plaintiff, Pro Se

10