IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEN MAYLE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 0449 |
| | ) | |
| v. | ) | |
| | ) | Judge Amy St. Eve |
| | ) | |
| DAVID ORR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court denies pro se Plaintiff's motion for an extension of time to file a notice of appeal brought pursuant to Federal Rule of Appellate Procedure 4(a)(5). [38].

## STATEMENT

On April 10, 2017, the Court granted Defendants' motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and Rule 12(b)(6) and dismissed this lawsuit in its entirety. On May 9, 2017, pro se Plaintiff brought a Rule 59(e) motion that the Court denied on May 12, 2017. The Court also denied Plaintiff's Rule 60(b) motion to vacate on June 14, 2017. Before the Court is pro se Plaintiff's motion for an extension of time to file a notice appeal under Federal Rule of Appellate Procedure 4(a)(5). For the following reasons, the Court, in its discretion, denies Plaintiff's motion.

## LEGAL STANDARD

Federal Rule of Appellate Procedure 4(a)(5) "permits the district court to extend the time to file a notice of appeal if 'a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires.'" *Whitfield v. Howard,* 852 F.3d 656, 660 (7th Cir. 2017) (quoting Fed. R. App. P. 4(a)(5)(A)(i)). Rule 4(a)(5)(A) specifically states:

(A) The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

*Sherman v. Quinn,* 668 F.3d 421, 424–25 (7th Cir. 2012) ("the district court may extend the time to file notice of appeal if a party so moves no later than thirty days after the original deadline for the filing of notice of appeal, *and* that party shows 'excusable neglect or good cause.'") (emphasis added). "The excusable-neglect standard 'refers to the missing of a deadline as a result of such things as misrepresentations by judicial officers, lost mail, and plausible misinterpretations of ambiguous rules.'" *Satkar Hosp., Inc. v. Fox Television Holdings,* 767 F.3d 701, 706 (7th Cir. 2014). The Seventh Circuit reviews district courts' Rule 4(a)(5) decisions for an abuse of discretion. *Whitfield*, 852 F.3d at 660.

## ANALYSIS

Construing pro se Plaintiff's Rule 4(a)(5) motion liberally, *see Beal v. Beller,* 847 F.3d 897, 902 (7th Cir. 2017), Plaintiff asserts that the Court entered final judgment on June 14, 2017 when it denied his Rule 60(b) motion to vacate. Because Rule 60(b) motions do not toll the time for appeal, the date of the final judgment was May 12, 2017 when the Court denied Plaintiff's Rule 59(e) motion. *See Whitfield,* 852 F.3d at 660. Accordingly, Plaintiff had 60 days from May 12, 2017 to file the present motion, namely, July 13, 2017. *See id.* Plaintiff, however, did not file this motion until November 1, 2017. Accordingly, he has failed to establish the first requirement under Rule 4(a)(5)(A). *See Leonard v. O'Leary,* 788 F.2d 1238, 1240 (7th Cir. 1986) (Rule 4(a) "prohibits consideration of excusable neglect or good cause where an appellant fails to file a timely motion requesting an extension of time").

Although Plaintiff must establish both requirements under Rule 4(a)(5)(A), the Court turns to the next requirement for the sake of completeness. Specifically, pro se Plaintiff argues that he has established good cause or excusable neglect for his delay. In particular, Plaintiff maintains that he has been under extreme duress as a consequence of his fighting for his First Amendment rights to practice his religion. Plaintiff also states that his employment played a part in his delay. As the Seventh Circuit teaches, few circumstances qualify under the excusable neglect standard, and the filing of First Amendment lawsuits and work obligations do not satisfy this strict standard. *See Satkar Hospitality*, 767 F.3d at 706-07; *see McCarty v. Astrue*, 528 F.3d 541, 544 (7th Cir. 2008) ("judges do not have 'carte blanche' authority to allow untimely appeals"). Moreover, the fact that pro se Plaintiff has filed First Amendment lawsuits and has employment responsibilities does not establish good cause because he has not shown that forces beyond his control prevented him from filing a timely notice of appeal. *See Broyles v. Roeckeman,* No. 12 C 7702, 2013 WL 2467710, at *2 (N.D. Ill. June 7, 2013) ("'[T]he contours of the good cause analysis are largely undefined,' though courts have held that the standard may be met where 'forces beyond the control of the appellant prevented [him] from filing a timely notice of appeal.'") (citations omitted).

For these reasons, the Court, in its discretion, denies Plaintiff's Rule 4(a)(5) motion to for an extension of time to file a notice of appeal.

**Dated:** November 3, 2017

**AMY J. ST. EVE**
**United States District Court Judge**